Peter J. Kuhn (USB #3820)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone:      (801) 524-5734
Facsimile:       (801) 524-5628
Email: Peter.J.Kuhn@usdoj.gov

Attorney for Acting United States Trustee, Gregory M. Garvin

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>**JUSTIN CORDE YOUNG AND CATHY JO YOUNG**,<br><br>Debtors. | Case No. 19-40358 JMM<br>Chapter 7 |

**UNITED STATES TRUSTEE'S**
**OBJECTION TO DEBTORS' PROPOSED DISCLOSURE STATEMENT**
**(Docket No. 34)**

Gregory M. Garvin, the acting United States Trustee for Region 18, by and through his attorney Peter J. Kuhn, files this objection to the Debtors'(hereinafter "Debtors'"") proposed Disclosure Statement dated August 1, 2019,  ("Disclosure Statement"), "as not containing adequate information", as that term is defined in 11 U.S.C. §1125(a).  *See Duff v. United States Trustee (In re California Fidelity, Inc.)*, 198 B.R. 567, 571 (9th Cir. BAP 1996) ("The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan."). "The determination of what is adequate information is subjective and made on a case by case basis [and] is largely within the discretion of the bankruptcy court."  *Computer Task Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R.

177, 193 (9th Cir. BAP 2003).  In particular, the Disclosure Statement lacks the following material information.

## I.     HISTORICAL CIRCUMSTANCES LEADING TO FILING INADEQUATE

The Disclosure Statement, at page 5, provides a very brief discussion concerning the background of the Debtors.  There is a mention of the purchase of a "meat-packing business" that resulted in "financial difficulties".  No further information is provided concerning when this business venture occurred, what financial difficulties were encountered, how the Debtors concluded their involvement in this business, that the venture was conducted in a separate entity (C & J Choice Beef LLC) and how this entity has been disclosed in the Statement of Financial Affair and Schedules.  The information should also include a discussion of the Debtors' other past and/or current business ventures, particularly the Debtors' insurance business.  This background information is materially significant in assessing the feasibility of the plan.  The Disclosure Statement should be amended to provide this information.

## II.    DEFAULT PROVISIONS NOT SET FORTH AND EFFECT OF CONVERSION UNCLEAR

The Disclosure Statements fails to clearly and specifically define how and when creditors would be able to determine when a default has occurred.  Also, it is not clear from either the Plan or the Disclosure Statement that property of the estate vests in a Chapter 7 estate if the case is converted.

The Disclosure Statement should be amended to address rights and remedies of creditors upon default or failure to fund.  The Disclosure Statement should also be amended to provide clarity concerning what property vests in the Chapter 7 estate if the case is converted so that a Chapter 7 trustee's duties would not be impeded.

2

### III.  BALANCE SHEET PRESENTATION NOT PROVIDED

The Disclosure Statement should provide a combined balance sheet/liquidation analysis presentation of all assets and liabilities. The information should be sufficiently detailed to allow reasonable comparison with the Schedules and the Monthly Financial Reports. A detailed, yet concise, presentation will assist evaluation of the Reorganization Plan and comparable liquidation under Chapter 7.

### IV.  ADMINISTRATIVE EXPENSE IMPACTS ON PLAN UNCLEAR

The Disclosure Statement indicates that Debtors' counsel estimates he will have an administrative expense of approximately $30,000.00. The Disclosure of Compensation of Attorney for Debtor filed in this case, at Docket No. 3, indicates that Debtors' counsel is being paid a flat fee of $3,800.00. The payment is to be made in monthly installments of $500.00. It appears that the administrative expense claim could require either 8 months or 5 years to satisfy. The Disclosure Statement should be amended to clarify this confusion. The anticipated delay in payment of unsecured claims should also be addressed in the amended Disclosure Statement.

### V.  EFFECTIVE DATE PAYMENTS NOT ADEQUATELY ADDRESSED

The Disclosure Statement and the Plan appear to indicate that the Debtors will have not have sufficient funds for satisfaction of the effective date required payments. The Disclosure Statement should be amended to set forth all of the anticipated effective date required payments and how this requirement is to be met.

### VI. POST-PETITION FINANCIAL PERFORMANCE NOT SUFFICIENT

The Plan relies on the financial ability of the Debtors. The Disclosure Statement provides copies of some of the Monthly Operating Reports but does not provide an accessible and meaningful summary of post-petition financial performance of the Debtors. The Disclosure Statement should be amended to provide this information.

### VII. POST-CONFIRMATION PROJECTIONS NOT SUFFICIENT

The Debtors indicate that they will generate sufficient income to fund the plan. The Disclosure Statement should be amended to provide a budget that includes income, ongoing expenses and payments required to be made under the Plan. More detail concerning the basis of these assertions will provide Creditors with a better understanding of the feasibility of the proposed Plan.

The Disclosure Statement, at page 5, indicates that the Debtors "desire to disengage themselves from the meatpacking business and transition back to the insurance industry, where they enjoy good reputations." The Disclosure Statement should also include information concerning the Debtors' post-petition involvement in the meatpacking and insurance ventures and to provide going forward projections of the Debtors' insurance ventures.

### VIII. INSUFFICIENT INFORMATION CONCERNING FINAL DECREE

The Disclosure Statement should set forth the date by which the Debtors will seek a final decree closing the bankruptcy case.

### IX. PAYMENT OF UNSECURED CLAIMS AND TERM OF PLAN CONFUSING

The specific timeframes in which Plan performance is to occur are confusing. Page 8 of the Disclosure Statement indicates that general unsecured claims indicated to be $130,305.92

4

under the plan would be paid 9% of their allowed claims over a five year distribution. The payments under the Plan are to be $500.00 per month for 5 years for a total of $30,000.00. The Disclosure Statement, at page 8, indicates a projected distribution of $27,000.00 rather than $30,000.00. Further, payments would only begin after satisfaction of all priority creditors (projected in the Disclosure Statement at $30,000.00 to be paid at the rate of $500.00 per month), which could leave unsecured creditors waiting for years for their first payment. The Disclosure Statement should be amended to clarify and clearly set forth what the Plan commitments are.

In addition, page 8 of the Disclosure Statement indicates that if a monthly payment is missed the Plan term will be extended by the same amount. The Disclosure Statement should be amended to inform unsecured creditors that the Plan term is open ended and that any failure to provide payments to unsecured creditors will not result in a default under the Plan

### X.  **PLAN TREATMENT OF WESTMARK AND WELLS FARGO NOT INCLUDED**

The Disclosure Statement fails to disclose the treatment of secured creditors, Westmark and Wells Fargo. The Plan attached as exhibit B to the Disclosure Statement does not include the Wells Fargo claim and does not disclose the Plan treatment of either Wells Fargo or Westmark.

WHERFORE, the United States Trustee requests that the Court require the Debtors to amend the Disclosure Statement to meet the foregoing objections, and for such other relief as the Court may deem appropriate.

DATED: September 12, 2019

Respectfully submitted,

/s/
Peter J. Kuhn
Attorney for Gregory M. Garvin
Acting United States Trustee

## CERTIFICATE OF MAILING

I DO HEREBY CERTIFY that, on September 12, 2019, I caused a true and correct copy of the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' PROPOSED DISCLOSURE STATEMENT (Docket No. 27)** to be electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF systems, as noted below:

- John T Morgan    john.t.morgan@usdoj.gov
- David Wayne Newman    ustp.region18.bs.ecf@usdoj.gov
- Craig W Simpson    csimpson905@westmark.org, podell086@westmark.org
- Aaron J Tolson    ajt@aaronjtolsonlaw.com
- US Trustee    ustp.region18.bs.ecf@usdoj.gov

Further, I certify that I caused copies of the **OBJECTION** to be forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Justin Corde Young
387 North 3870 East
Rigby, ID 83442

Cathy Jo Young
387 North 3870 East
Rigby, ID 83442

/s/
Lindsey Huston

7